Lory R. Lybeck (WSBA #14222)
Benjamin R. Justus (WSBA #38855)
**Lybeck Murphy, LLP**
Fifth Floor Chase Bank Building
7900 SE 28th Street
Mercer Island, WA 98040-6004
206-230-4255 /phone
206-230-7791 /fax
lrl@lybeckmurphy.com
brj@lybeckmurphy.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MERCER PUBLISHING, INC., MICHAEL HUBBARD and RACHEL HUBBARD, husband and wife, and the marital community comprised therein,<br><br>Plaintiffs,<br><br>v.<br><br>THE RIVERSIDE PUBLISHING COMPANY, HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, and DR. DAVID S. LOHMAN,<br><br>Defendants. | No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

In support of their claims, Plaintiffs Mercer Publishing, Inc. and Michael and Rachel Hubbard allege as follows:

## I. JURISDICTION AND VENUE

1. Mercer Publishing, Inc. and Michael and Rachel Hubbard ("Plaintiffs") seek damages and injunctive relief under the Copyright Act (17 U.S.C § 101 *et seq.*), and pursuant to common law.

2. This court has jurisdiction over the copyright claims under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright). The parties are citizens of different states and the amount in controversy exceeds $75,000.



Lybeck ❖ Murphy LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA 98040
206-230-4255 Fax 206-230-7791

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). *See Columbia Pictures TV v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1994).

## II. PARTIES

4. Plaintiff Mercer Publishing, Inc. is a Washington corporation with its principal place of business in Mercer Island, Washington. Plaintiffs Michael and Rachel Hubbard are the sole shareholders of Mercer Publishing, Inc. They are residents of Washington.

5. Defendant Riverside Publishing ("Riverside") is an Illinois corporation with its principal place of business in Rolling Meadows, Illinois.

6. Defendant Houghton Mifflin Harcourt Publishing Company ("Houghton Mifflin") is a corporation organized and existing under the laws of the State of Massachusetts. Houghton Mifflin is the parent company of its wholly-owned subsidiary, Riverside Publishing Company.

7. Defendant Dr. David S. Lohman is an individual and resident of Iowa City, Iowa, and a tenured professor at the University of Iowa.

## III. FACTUAL BACKGROUND

8. Plaintiffs are responsible for the creation, development, and production of copyrighted materials intended to prepare students for taking gifted student and advanced placement examinations, including the nationally recognized CogAT and NNAT exams. These copyrighted materials include, but are not limited to, practice exams and question and answer sets in both hard copy and electronic format (collectively, including derivative works, the "Mercer Works").

9. At all relevant times Plaintiffs have been the holders of pertinent exclusive rights of distribution and reproduction for the Mercer Works. In substantial part, the Mercer Works are the subject of valid Certificates of Copyright Registration, including, without limitation, #TX0007143724, #TX0007124972, #TX0007124976, #TX0007430042, #TX0007430053, #TX0007429828, #TX0007407382, #TX0007407385, #TX0007407391, #TX0007430048,



Lybeck ❖ Murphy LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA 98040
206-230-4255 Fax 206-230-7791

#TX0007002154, #TX0007002167, #TX0007002161, and #TX0007002150. Each certificate was issued by the Register of Copyrights. The copyrights to the Mercer Works that were registered by a predecessor entity, Mercer Publishing, LLC, transferred to Mercer Publishing, Inc. by operation of law.

10. Defendant Riverside publishes and administers standardized tests, including testing the cognitive abilities of children.

11. In September 2011, Defendant Houghton Mifflin obtained, copied and distributed Plaintiffs' copyrighted "eBook" test preparation materials. Plaintiffs' test preparation materials were transmitted to Defendant Dr. Lohman and his graduate assistants at the University of Iowa. Dr. Lohman was hired by Riverside/Houghton Mifflin to create test preparation material to compete with Plaintiffs' test preparation materials.

12. Defendants neither requested nor received Plaintiffs' permission to reproduce or distribute their copyrighted test preparation materials to Dr. Lohman or his graduate assistants.

13. In the course of reproducing and distributing Plaintiffs' copyrighted eBooks, Defendants Houghton Mifflin and/or Dr. Lohman circumvented encryption and password-protection technologies that Plaintiffs had employed to control and restrict access to their eBooks and prevent the eBooks from being reproduced, re-distributed, altered in format, or otherwise misused by end users.

14. In the fall of 2012, Defendant Riverside obtained Mercer Publishing confidential Deposit Copies from the U.S. Copyright Office. In violation of federal law, Riverside copied and illegally distributed the materials to two of Mercer Publishing's primary commercial test preparation competitors.

15. Plaintiffs are currently suing the entities to which Riverside provided Mercer Publishing's confidential Deposit Copies.

16. Defendant Riverside is aware that Plaintiffs are currently suing the entities to which it provided Mercer Publishing's confidential Deposit Copies.



Lybeck ❖ Murphy LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA 98040
206-230-4255 Fax 206-230-7791

17. Defendant Riverside neither requested nor received Plaintiffs' permission to distribute its copyrighted test preparation materials to Mercer Publishing's primary commercial test preparation competitors or other third parties.

## III. CAUSES OF ACTION

### A. Copyright Infringement

18. Plaintiffs re-allege paragraphs 1 through 17 of the complaint, above.

19. Defendants, without the permission or consent of Plaintiffs, have copied and distributed the Mercer Works.

20. In doing so, Defendants violated Plaintiffs' exclusive rights of reproduction and distribution.

21. Defendants' actions constitute infringement of Plaintiffs' exclusive rights protected under the Copyright Act (17 U.S.C. § 101 *et seq.*).

22. The foregoing acts of infringement were willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

23. To the extent that one or more individual Defendants did not engage in direct acts of infringement, such Defendants engaged in contributory infringement and/or vicarious infringement because: (1) they had knowledge of the other Defendants' direct infringement and induced, caused, or materially contributed to the infringing conduct; and/or (2) they had the right and ability to supervise the infringing conduct and a direct financial interest in the infringing activity.

24. As a result of Defendants' infringement of Plaintiffs' exclusive rights under the Copyright Act, Plaintiffs are entitled to damages pursuant to 17 U.S.C. § 504 and attorneys' fees and costs pursuant to 17 U.S.C. § 505.

25. The conduct of Defendants is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17



Lybeck ❖ Murphy LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA 98040
206-230-4255 Fax 206-230-7791

U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights and ordering that Defendants destroy all copies of Mercer Works made in violation of Plaintiffs' copyrights.

**B. Violations of Digital Millennium Copyright Act**

26. Plaintiffs re-allege paragraphs 1-25 of their complaint, above.

27. The Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.* (the "DMCA") prohibits the circumvention of technological measures that control access to a work protected under the Copyright Act.

28. As described above, Defendants, in the course of their infringing activities, circumvented recognized technological measures employed by Plaintiffs that (a) effectively control access to works protected by the Copyright Act; and (b) effectively protect Plaintiffs' copyrights by controlling whether an end user can reproduce, adapt, and/or distribute copies of their copyrighted works or portions thereof.

29. By circumventing the technological measures employed by Plaintiffs, Defendants violated 17 U.S.C. § 1201(a)(1).

30. As a result of Defendants' violations of the DMCA, Plaintiffs are entitled to relief pursuant to 17 U.S.C. § 1203, including, at their election, actual damages, statutory damages, and/or attorneys' fees and costs.

31. The conduct of Defendants is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 1203, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further violations of the DMCA.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

a. All direct and consequential damages, including, at Plaintiffs' election, statutory



Lybeck ❖ Murphy LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA 98040
206-230-4255 Fax 206-230-7791

damages pursuant to 17 U.S.C. §§ 504 and 1203;

b. Statutory damages for Defendants' willful and knowledgeable repeated violation of Plaintiff' copyrighted materials;

c. Injunctive relief restraining Defendants from further publication of infringing materials or other infringement of Plaintiffs' copyrighted works pursuant to 17 U.S.C. §§ 502, 503 and 1203;

d. Attorneys' fees and costs awardable under 17 U.S.C. §§ 505 and 1203;

e. For post-judgment interest on the entire judgment until paid in full; and

f. For such other and further relief as the Court may deem just and equitable.

## V. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

Respectfully submitted this 12th day of December, 2012.

LYBECK MURPHY, LLP

By: _/s/ *Lory R. Lybeck*_______________
Lory R. Lybeck (WSBA #14222)
Benjamin R. Justus (WSBA #38855)
Attorneys for Plaintiffs



Lybeck ❖ Murphy LLP
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA 98040
206-230-4255 Fax 206-230-7791